IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Antone Prunty, | : | Case No. 1:09-cv-201 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| v. | : | ORDER GRANTING MOTION FOR ATTORNEY FEES |
| Mary E. Solomon and Cecil Solomon, et al., | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff's Motion for Attorney Fees. (Doc. 19.) With that motion, Plaintiff Antone Prunty requests that the Court order Defendants Mary and Cecil Solomon (hereinafter "the Solomons" or "the Solomon Defendants") to pay the costs and fees he has incurred in this action. The total amount requested is $3,954.88. The Solomon Defendants filed no opposition to Plaintiff's motion. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and **AWARDS** $3,930 in attorney's fees and $24.88 in costs for a total of $3,954.88.

**I.    BACKGROUND**

Plaintiff filed suit against Defendants Mary and Cecil Solomon (hereinafter "the Solomons" or "the Solomon Defendants") and two City of Cincinnati police officers on March 19, 2009, asserting a claim under 42 U.S.C. § 1983 and claims under Ohio law for violation of the Landlord Tenant Act, Ohio Rev. Code § 5321.15(A), conversion, and intentional infliction of emotional distress. (Doc. 1.) Plaintiff moved for default judgment against the Solomon Defendants after they failed to file an Answer or otherwise defend this suit. On September 23, 2009, the Court held a hearing on damages. Shortly thereafter, the Court entered default

1

judgment in favor of Prunty and against the Solomon Defendants, and awarded Prunty compensatory damages in the amount of $11,345.00. (Doc. 17.) The Court also awarded Plaintiff reasonable attorney's fees to be determined by this Court at a later date. (Id.) Plaintiff now requests attorney's fees in the amount of $3,930 and costs in the amount of $24.88.

## II. DISCUSSION

### A. Attorney's Fees

Prunty seeks attorney's fees under both 42 U.S.C § 1988(b) and Ohio Rev. Code § 5321.15(C). Federal statute 42 U.S.C § 1988(b) provides that in any § 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." Ohio Rev. Code § 5321.15(C) similarly provides for an award of attorney's fees against any landlord who violates the provisions of § 5321. A tenant's entitlement to an award of attorney's fees pursuant to § 5321.15(C) lies within the discretion of the trial court. See Stark v. Weimer, No. H-98-031, 1999 WL 253451, at * 5 (Ohio App. April 30, 1999). In this case, Prunty is a prevailing party as to all claims against the Solomon Defendants and is entitled to attorney's fees under both statutes.

In calculating a statutory award of attorney's fees, "[t]he most useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The result of this calculation – called the lodestar – is strongly presumed to yield a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). When this lodestar amount is computed and if circumstances warrant, the court may thereafter adjust the award by applying a multiplier or divisor. James v. Frank, 772 F. Supp. 984, 1003-1004 (S.D. Ohio 1991). Nonetheless, "[a] strong presumption that the lodestar

figure – the product of reasonable hours times a reasonable rate – represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

The Court finds that the hours expended by Plaintiff's counsel, Lisa Meeks and Stephen Felson, as demonstrated by the declarations and exhibits attached to Plaintiff's motion (see docs. 119-2, 119-3), are reasonable and related to the issue on which Plaintiff prevailed. The hours submitted by both counsel relate only to the claims against the Solomon Defendants and do not duplicate hours that were spent in settlement negotiations with the police officer Defendants. Counsel also coordinated their efforts to ensure that they did not both devote time to any one matter. For example, Ms. Meeks explained that "while Mr. Felson may research a discrete legal issue, I would assume responsibility for presenting testimony at the damages hearing." (Meeks Decl. ¶ 12.) The billing statements submitted by Ms. Meeks and Mr. Felson demonstrate that division of labor. The Court therefore finds that Ms. Meeks is entitled to compensation for 8 hours and Mr. Felson is entitled to compensation for 5.1 hours.

In order to determine what a reasonable hourly rate would be in this case, the Court initially assesses the prevailing market rate in this community, defined further as "the rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 350 (6th Cir. 2000). The prevailing party bears the burden of establishing, by way of satisfactory evidence and the attorney's own affidavits, that the requested hourly rates meet this community rate. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). In this case, Ms. Meeks, who has practiced law since 1993, and Mr. Felson, who has practiced law since 1966, request compensation at an

hourly rate of $300. Both support their requests with declarations in which they state, inter alia, their standard hourly billing rates. Counsel also submit the declaration of Jennifer L. Branch, an attorney with extensive experience litigating individual and class action civil rights cases. (See doc. 19-1.) In that declaration, Branch compares the requested rate of $300 to the rates charged by several other Cincinnati litigators with comparable experience and opines that the requested rate is reasonable. Indeed, based on the evidence before it and the Court's own knowledge of the hourly rates charged by civil rights litigants in this district, the Court finds that $300 per hour is a reasonable hourly rate for both Ms. Meeks and Mr. Felson.

The last step in the analysis is to determine whether counsel have obtained an "exceptional success" entitling them to a lodestar multiplier. Blum, 465 U.S. 886, 895 (1984). The Supreme Court has set forth twelve factors for a court to consider in rendering the propriety of an enhancement:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Blanchard v. Bergeron, 489 U.S. 87, 92 (1989); see also Paschal v. Flagstar Bank, 297 F.3d 431, 435 (6th Cir. 2002). The instant case was resolved in relatively short order. The case required minimal briefing and an evidentiary hearing. While the results obtained were beneficial, they were not so exceptional under the circumstances as to warrant a multiplier. Upon full review of the factors, the Court finds that enhancement of the lodestar is not warranted.

Plaintiff is thus entitled to fees for Ms. Meeks' work in the amount of $2,400, which

represents 8 hours of work at $300 per hour, and fees for Mr. Felson's work in the amount of $1,530, which represents 5.1 hours of work at $300 per hour.

**B.      Costs**

Prunty is also entitled to an award of costs totaling $24.88 for certified mail service. (See Felson Decl. ¶ 5.)

**III.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees **ORDERS** the Solomon Defendants to pay Plaintiff a compensatory fee in the amount of $3,930 and costs in the amount of $24.88.

IT IS SO ORDERED.

                                                                s/Susan J. Dlott
                                                              Chief Judge Susan J. Dlott
                                                              United States District Court